IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                            Criminal No. 04-2245 WJ

LARRY BEGAY,

                Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the issue of whether Defendant Larry Begay ("Defendant") should be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 as a result of Defendant's three separate convictions for the felony offense under New Mexico law for driving while under the influence of intoxicating liquor ("DUI"), fourth or subsequent offense ("felony DUI").[1]  For the reasons set forth in this Memorandum Opinion, the Court finds and concludes that Defendant is an armed career criminal within the meaning of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 and shall be sentenced accordingly.

### Procedural and Factual Background

On January 24, 2005, Defendant plead guilty to a single count indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  The United States Probation Office prepared a Pre-Sentence Report ("PSR") which

_____

[1] Felony DUI in New Mexico is defined in the Motor Vehicle Code, NMSA 1978 § 66-8-102(G) (as amended).  Upon conviction for a fourth DUI, a defendant is guilty of felony DUI.

calculated Defendant's sentencing guideline imprisonment range to be 41-51 months based on an offense level of 15 and a criminal history category of VI.  The Defendant did not submit formal written objections to any of the reported facts or the sentencing guideline range set forth in the PSR.  The United States of America ("Government"), however, did object to the PSR on the basis that it failed to classify Defendant as an armed career criminal based on his criminal history.

The felon in possession of a firearm arose out of an incident involving the Defendant who, after a night of drinking alcoholic beverages, separately pointed a .22 caliber rifle at two female family members demanding money and then threatening to kill the two women by repeatedly pulling the trigger of the rifle.  (PSR,¶10-11).  Fortunately for all concerned, the rifle was not loaded.

Paragraphs 32 through 64 of the PSR detail Defendant's adult criminal history.  Since 1983, Defendant has amassed 22 DUI arrests of which 12 resulted in convictions.  For purposes of this Memorandum Opinion, the Court will consider only Defendant's 12 DUI convictions since they form the basis of the Government's contention that Defendant should be sentenced as an armed career criminal.   It should be noted, however, that in addition to Defendant's DUI criminal history, he has an extensive record of arrests and convictions in the Navajo Nation Tribal Court as well as various state courts in Arizona and New Mexico for offenses such as possession of liquor, public intoxication, reckless driving, just to name a few.

Defendant's 12 DUI convictions form the basis for his three felony DUI convictions arising out of the New Mexico State District Courts in the counties of McKinley and Socorro as reflected in Government exhibits 1, 2 and 3 admitted into evidence at the hearing on May 16, 2005.  As previously noted, there is no dispute regarding Defendant's criminal history or his three

separate convictions for felony DUI.  What is disputed is whether the three felony DUI convictions can be the basis for sentencing Defendant as an armed career criminal.

## LEGAL ANALYSIS

The Government contends that Defendant is an armed career criminal pursuant to 18 U.S.C. §924(e).  U.S.S.G. § 4B1.4 implements 18 U.S.C. § 924(e) which mandates a statutory minimum term of incarceration of 15 years for a defendant (i) who is convicted of violating 18 U.S.C. § 922(g) (felon in possession of a firearm) and (ii) who has three previous convictions for a violent felony or a serious drug offense.  The instant felony offense to which Defendant admitted is felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and there is no dispute that Defendant has three separate convictions for felony DUI, a fourth degree felony punishable under New Mexico law by incarceration for a term not to exceed 18 months.  See NMSA 1978 § 66-8-102(G) (as amended).[2]  Therefore, the question of whether Defendant is an armed career criminal depends on whether felony DUI under New Mexico law is a crime of violence which is defined as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

1.    Has as an element the use, attempted use or threatened use of physical force against a person of another or;

2.    Is burglary of a dwelling, arson, or extortion involves use of explosives, **or**

---

[2] Defendant argues in his Sentencing Memorandum (Doc. 27) that the offense of DUI is not punishable by imprisonment of more than one year.  While it is true that the maximum term of incarceration for the offense of DUI under New Mexico law is less than one year, NMSA 1978 § 66-8-102(G) clearly states the maximum term of incarceration for conviction of the offense of felony DUI is incarceration up to 18 months.

**otherwise involves conduct that presents a serious potential risk of physical injury to another.**

See  18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a) (emphasis added).

Felony DUI under New Mexico law does not involve burglary of a dwelling, arson, extortion, the use of explosives or has as an element the use, attempted use or threatened use of physical force against the person of another.  Compare United States v. Rutherford, 54 F.3d 370, 374 (7th Cir. 1995) (1st degree assault conviction under Alabama law for driving motor vehicle under influence of alcohol and causing bodily injury did not involve use of force prong of crime of violence definition), cert. denied, 516 U.S. 924 (Oct. 10, 1995) (No. 95-5811).  Thus, in order for felony DUI under New Mexico law to constitute a crime of violence as that term is defined in the relevant statutory and sentencing guidelines provisions, the Court must find that felony DUI involves conduct that presents a serious potential risk of physical injury to another.

Defendant cites the recent United States Supreme Court case of Leocal v. Ashcroft, 125 S. Ct. 377 (2004) for the general proposition that DUI is not a crime of violence.  The holding in Leocal was based on the specific language of 18 U.S.C. § 16 and in footnote 7 of the Opinion, the Supreme Court explicitly distinguished the sentencing guidelines definition of "crime of violence" as used in Section 4B1.2 from the statutory definition contained in 18 U.S.C. § 16.   I agree with the Government that the Leocal decision is not controlling precedent on the issue of whether Defendant's convictions for felony DUI constitute crimes of violence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.2.

The Government refers to cases from the Fifth and Seventh Circuits which are more on point and support the Government's position that DUI offenses meet the definition of "crime of

4

violence" under 18 U.S.C. § 924 and U.S.S.G. § 4B1.2.  In United States v. D. Santiago-Gonzales, 207 F.3d 261 (5th Cir. 2000), the Fifth Circuit determined that DUI counts as a "crime of violence" under § 4B1.2.  Santiago-Gonzales was an immigration case, but the § 4B1.2 definition of "crime of violence" was applied to defendant's three previous convictions in New Mexico for the misdemeanor offense of DUI for which Defendant had been given jail time on each conviction.  Id. at 262.

In United States v. Rutherford, 54 F.3d at 375, the Seventh Circuit held that while the DUI offense at issue was not a crime of violence based on the use of force, the offense met the definition of the "otherwise" clause under § 4B1.2, since it involved a *risk* of injury.  The Seventh Circuit emphasized that a court must focus on the conduct involved in the offense, and look for a "substantial risk" that the conduct presented a "serious risk of physical injury" rather than "conjecture" or "speculation" about possible harm.  Id.  The Rutherford Court concluded that "[d]riving under the influence vastly increases the probability that the driver will injure someone in an accident."  Id. at 376.  Additionally, in the case of United States v. McGill, 347 F. Supp. 2d 1210, 1213-1214 (M.D.Ala. 2004), an Alabama district court recently ruled that the offense of felony  DUI under Alabama law constituted a crime of violence under § 4B1.2 of the sentencing guidelines.

This Court acknowledges that the Eighth Circuit has held that operating a motor vehicle while intoxicated under Iowa law does not constitute a crime of violence under U.S.S.G. § 4B1.2.  U. S. v. Walker, 393 F3d. 819 (8th Cir.2005).[3]  With all due respect to the Eighth Circuit and its

---

[3] Defendant and the United States Probation Office both cite and rely on another Eighth Circuit decision, United States v. McCall, 397 F.3d 1028 (8th Cir. 2005).  However, by Order entered April 21, 2005, the Eighth Circuit withdrew its Opinion in McCall.

well written opinion in <u>Walker</u>, I find the reasoning and holdings in <u>United States v. D. Santiago-Gonzales</u>, 207 F.3d 261 (5th Cir. 2000), <u>United States v. Rutherford</u>, 54 F.3d 370 (7th Cir. 1995) and <u>U. S. v. McGill</u>, 347 F. Supp. 2d 1210 (M.D.Ala. 2004),  to constitute more persuasive authority.

Moreover, I believe the Tenth Circuit Decision in <u>United States v. Farnsworth</u> provides additional authority in support of the conclusion I reach.  <u>See</u>, 92 F.3d 1001 (10th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1034 (Dec. 9, 1996) (No. 96-6662).  While the relevant portions of the Tenth Circuit's Opinion in <u>Farnsworth</u> involved the propriety of enhancing the defendant's base offense level under U.S.S.G. § 2K2.1(a)(2), the Tenth Circuit noted that the commentary to §2K2.1 references the definition of "crime of violence" in § 4B1.2 which includes conduct that presents a serious potential risk of physical injury to another and cited <u>Rutherford</u> on the dangers of drunk drivers:

> We agree with the Seventh Circuit that: [t] he dangers of drunk driving are well-known and well-documented.  Unlike other acts that may present some risk of physical injury, . . . the risk of injury from drunk driving is neither conjectural nor speculative. . . . Drunk driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well known.  This is sufficient to satisfy the "serious risk" standard of the "otherwise" clause [of] § 4B1.2(1)(ii).

<u>Id</u> at 1008 -09.

## <u>Conclusion</u>

Defendant's Sentencing Memorandum acknowledges that he is an alcoholic which is readily apparent from his extensive criminal history set forth in paragraphs 32 through 64 of the PSR.  What is also readily apparent is that Defendant has done little, if anything, to seek help for

his alcoholism or to change the behaviors that have lead to the extensive number of arrests for alcohol related offenses including the three felony DUI convictions arising under New Mexico law.  Thus, the Court has no difficulty in reaching the conclusion that Defendant's three felony DUI convictions involve conduct that presents a serious potential risk of physical injury to another.  Accordingly, Defendant shall be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

   IT IS SO ORDERED.

                _____
                UNITED STATES  DISTRICT JUDGE