**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

    v.                                                                  CR 04-2245 WJ

LARRY BEGAY,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SPECIFICATION OF THE GROUNDS FOR, AND THE EXTENT OF, THE CONTEMPLATED UPWARD VARIANCE**

THIS MATTER comes before the Court upon Defendant's Motion for Order for Specification of the Grounds for, and the Extent of the Contemplated Upward Variance, filed August 13, 2008 **(Doc. 58)**.  Having considered Defendant's brief and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

In the Court's Order for Briefing entered July 22, 2008 (Doc. 54), Defendant was advised that the Court was considering a sentence that varies above the high end of the advisory sentencing guideline range.[1]  However, in this motion, Defendant requests pre-hearing notice "of the grounds for, and the extent of, the contemplated variance. . . ."

Under United States Supreme Court precedent, this Court is not required to comply with Defendant's request.  In Irizarry v. U.S., the United States Supreme Court held that Rule 32(h) is

---

[1] Defendant will be resentenced pursuant to the mandate of the United States Supreme Court, reversing the Judgment of the United States Court of Appeals for the Tenth Circuit and remanding for further proceedings.  See Begay v. U.S., 128 S.Ct. 1581 (2008).

not applicable to a variance from the recommended guideline range. 128 S.Ct. 2198 (2008).[2]

However, Rule 32(h) still requires adequate advance notice of a district court's contemplation of a departure under the Sentencing Guidelines.  The Supreme Court majority in Irizarry held that Rule 32(h) "does not apply to § 3553 variances by its terms. . . 'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Id. at 2202.

The United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) invalidated the Guidelines' mandatory features.  The Supreme Court in Irizarry reasoned that, post-Booker,  "[f]aced with advisory Guidelines, neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice when sentencing guidelines were mandatory." 128 S.Ct. at 2199.

Defendant points out that Irizarry requires that in all cases, the Court should "make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues. . ."  128 S.Ct. at 2203. This statement does not detract from the Irizarry's holding that the notice of the kind sought by Defendant is no longer required.  Defendant also contends that under Tenth Circuit case law, the Court is obligated "to provide the parties advance access to information on which it 'will rely in sentencing." See, U.S. v. Rakes, 510 F.3d 1280, 1286 (10th Cir. 2007).  In responding to this asserted obligation, the Court recommends that defense counsel review the

---

[2]  Rule 32(h) required notice that the court is contemplating a departure from the recommended guideline sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission.

factual assertions set forth in the presentence report, the discussion and analysis contained in the Supreme Court's decision in this case, the Tenth Circuit Court of Appeals decision,[3] the District Court's Memorandum Opinion and Order,[4] and finally, the Supreme Court's decision in <u>Irizarry</u>.

Additionally, the Court will base its ultimate sentencing decision on the sentencing factors of 18 U.S.C. § 3553(a)(1-7), and in particular, the history and characteristics of the Defendant, and the need to protect the public from future potential crimes of the Defendant.

Should there be an issue of counsel's preparedness for the resentencing hearing, counsel should formally notify the Court that counsel is not ready to proceed with this matter and request a continuance.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Order for Specification of the Grounds for, and the Extent of the Contemplated Upward Variance **(Doc. 58)** is hereby DENIED for reasons set forth in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[3] <u>U.S. v. Begay</u>, 470 F.3d 964 (10th Cir. 2006).

[4] Doc. 29, filed July 1, 2005, Mem. Opin. and Order on the issue of whether defendant should be sentenced as an armed career criminal (published in Westlaw, <u>U.S. v. Begay</u>, 377 F.Supp.2d 1141 (D.N.M. Jul 01, 2005)).